UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>)<br>ELIEZER GONZALEZ, )<br>)<br>Defendant. )<br>) | CRIMINAL NO. 10-CR-10085 RGS<br><br>VIOLATIONS:<br>Mail Fraud (18 U.S.C. § 1341) |

## INDICTMENT

THE GRAND JURY CHARGES:

### GENERAL ALLEGATIONS

At all times pertinent to this Indictment, unless otherwise specified:

1. Defendant **ELIEZER GONZALEZ** ("**GONZALEZ**") was a resident of Suffolk County, Massachusetts.

2. From on or about June 8, 1988 until the present, defendant **GONZALEZ** was employed by the Boston Police Department, most recently holding the rank of Detective.

3. Employees of the Boston Police Department who are injured during the performance of their duties are eligible for benefits under Chapter 41 of the Massachusetts General Laws, Section 111F ("Section 111F"). Section 111F provides that, while on injured leave, an employee receives his full salary. Recipients of Section 111F benefits are exempt from paying federal taxes.

4. Boston police officers may also elect to purchase supplemental private insurance to afford them additional benefits in case of an on-the-job injury. In or about 1997, **GONZALEZ** acquired such a supplemental policy from a private insurance company, Colonial Life & Accident Insurance Company (Colonial Life).

## THE FRAUD SCHEME

5. As set forth below, from on or about September 30, 2007 and continuing through February 2010, **GONZALEZ** engaged in a scheme to defraud the City of Boston and a private insurance company, Colonial Life.

6. The object of **GONZALEZ's** scheme was to obtain tax-free Section 111F benefits and private supplemental insurance benefits to which he was not entitled.

### Manner and Means of the Fraud

7. On or about September 30, 2007, **GONZALEZ** claimed to sustain an injury during the performance of his duties as a Boston police officer.

8. Following this claimed injury, **GONZALEZ** almost immediately began receiving Section 111F benefits and he continued to receive these benefits through February 2010.

9. These benefits were provided to **GONZALEZ** via a weekly payroll wire transfer from the Boston Police Department to his personal bank account.

10. Because he was out on injured leave, **GONZALEZ** received payroll receipts by U.S. mail from the Boston Police Department's Occupational Health Services Department.

11. In or about January 2008, **GONZALEZ** submitted a supplemental insurance claim related to his alleged injuries to Colonial Life, the private insurer with which he held a supplemental insurance policy. In this form, which **GONZALEZ** caused to be delivered by U.S. mail to Colonial Life, **GONZALEZ** based his disability claim on the alleged September 30, 2007 on-the-job incident and the resultant alleged post-traumatic stress and orthopedic injuries.

12. Since the time of his claimed injury in September 2007, **GONZALEZ** has been fraudulently misrepresenting and exaggerating his alleged injuries to Boston Police Department medical staff and others, including other medical providers.

13. Since the time of his claimed injury in September 2007, **GONZALEZ** has been required to attend regular medical appointments at Boston Police Department headquarters. These medical appointments were for the purpose of evaluating whether **GONZALEZ** should remain on injured leave and continue to receive Section 111F benefits. He arrived at those appointments walking slowly with the assistance of a cane and accompanied by associates who assisted him during those appointments. Prior to and after attending these medical appointments, **GONZALEZ** was surveilled, videotaped and photographed walking normally without the assistance of a cane.

14. At his Boston Police Department medical appointments, **GONZALEZ** fraudulently acted both physically and mentally impaired, often requiring his associates to speak to the medical staff on his behalf. In addition to his alleged physical impairments, **GONZALEZ** claimed to have a fear of crowds and cars, as well as other alleged psychological impairments.

15. In many other instances close in time to these appointments but when he was not being evaluated for his alleged disability, **GONZALEZ** acted and spoke normally, in an unimpaired fashion, including walking easily without assistance, carrying objects, driving, and running errands.

16. In May 2008, **GONZALEZ** appeared at a Boston Police Department medical appointment with assistance, using his cane, and acting debilitated. Several days later, **GONZALEZ** traveled to Vietnam, toured Ho Chi Minh City, socialized with friends, and participated in various strenuous tourist activities in an unimpaired fashion and without the aid of a cane, and even videotaped himself riding on the back of a moped weaving through a crowded street in Ho Chi Minh City.

17. In furtherance of his fraudulent scheme to obtain benefits, **GONZALEZ** caused a series of mailings to be sent, including his pay receipts from the Boston Police Department, his Claim Form Application to Colonial Life, and his payment checks from Colonial Life.

## COUNT 1 through 34
### (Obtaining Money by False Pretenses - Use of Mails, 18 U.S.C. § 1341)

Paragraphs one through seventeen are re-alleged and incorporated herein.

18.  On or about the dates set forth below, at Boston, in the District of Massachusetts and elsewhere,

### ELIEZER GONZALEZ,

defendant herein, having devised and intending to devise a scheme and artifice to defraud and to obtain money and property by means of materially false and fraudulent pretenses and representations, for the purpose of executing such scheme and artifice and attempting to do so, knowingly caused to be placed in post offices and authorized depositories for mail matter, things to be sent and delivered by the Postal Service and/or private or commercial interstate carrier, according to the directions thereon, and knowingly caused such things to be delivered by mail and/or private or commercial interstate carrier according to the directions thereon, as set forth in the chart below:

| COUNT | MAILING | DATE |
|---|---|---|
| 1 | Colonial Life Claim Form Application (US Mail) | 1/28/08-3/5/08 |
| 2 | Colonial Life Payment Check (Fed Ex) | 3/12/08 |
| 3 | Colonial Life Payment Check (Fed Ex) | 4/23/08 |
| 4 | Colonial Life Payment Check (US Mail) | 8/11/08 |
| 5 | Colonial Life Payment Check (US Mail) | 9/8/08 |
| 6 | Boston Police Department Pay Receipt (US Mail) | 10/19/07 |
| 7 | Boston Police Department Pay Receipt (US Mail) | 11/16/07 |
| 8 | Boston Police Department Pay Receipt (US Mail) | 12/21/07 |
| 9 | Boston Police Department Pay Receipt (US Mail) | 1/11/08 |

| COUNT | MAILING | DATE |
|---|---|---|
| 10 | Boston Police Department Pay Receipt (US Mail) | 2/15/08 |
| 11 | Boston Police Department Pay Receipt (US Mail) | 3/14/08 |
| 12 | Boston Police Department Pay Receipt (US Mail) | 4/11/08 |
| 13 | Boston Police Department Pay Receipt (US Mail) | 5/23/08 |
| 14 | Boston Police Department Pay Receipt (US Mail) | 6/20/08 |
| 15 | Boston Police Department Pay Receipt (US Mail) | 7/11/08 |
| 16 | Boston Police Department Pay Receipt (US Mail) | 8/15/08 |
| 17 | Boston Police Department Pay Receipt (US Mail) | 9/12/08 |
| 18 | Boston Police Department Pay Receipt (US Mail) | 10/10/08 |
| 19 | Boston Police Department Pay Receipt (US Mail) | 11/14/08 |
| 20 | Boston Police Department Pay Receipt (US Mail) | 12/12/08 |
| 21 | Boston Police Department Pay Receipt (US Mail) | 1/16/09 |
| 22 | Boston Police Department Pay Receipt (US Mail) | 2/13/09 |
| 23 | Boston Police Department Pay Receipt (US Mail) | 3/20/09 |
| 24 | Boston Police Department Pay Receipt (US Mail) | 4/17/09 |
| 25 | Boston Police Department Pay Receipt (US Mail) | 5/15/09 |
| 26 | Boston Police Department Pay Receipt (US Mail) | 6/12/09 |
| 27 | Boston Police Department Pay Receipt (US Mail) | 7/17/09 |
| 28 | Boston Police Department Pay Receipt (US Mail) | 8/7/09 |
| 29 | Boston Police Department Pay Receipt (US Mail) | 9/11/09 |
| 30 | Boston Police Department Pay Receipt (US Mail) | 10/9/09 |
| 31 | Boston Police Department Pay Receipt (US Mail) | 11/6/09 |
| 32 | Boston Police Department Pay Receipt (US Mail) | 12/11/09 |
| 33 | Boston Police Department Pay Receipt (US Mail) | 1/8/10 |
| 34 | Boston Police Department Pay Receipt (US Mail) | 2/12/10 |

All in violation Title 18, United States Code, Sections 1341 and 2.

## FORFEITURE ALLEGATIONS
## (18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c))

21.     Upon conviction of one or more of the offenses charged in Counts One through Thirty-Four of this Indictment,

**ELIEZER GONZALEZ,**

defendant herein, shall forfeit to the United States any property, real or personal, that constitutes, or is derived from, proceeds traceable to the commission of the offenses, including but not limited to any and all sums received by defendant as M.G.L. ch. 41 § 111F benefits associated with his employment by any political subdivision of the Commonwealth of Massachusetts and/or sums received from Colonial Life.

22.     If any of the forfeitable property, as described in paragraph 21 above, as a result of any act or omission of the defendant:

   a.   cannot be located upon the exercise of due diligence;

   b.   has been transferred or sold to, or deposited with, a third person;

   c.   has been placed beyond the jurisdiction of the Court;

   d.   has been substantially diminished in value; or

   e.   has been commingled with other property which cannot be subdivided without difficulty,

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p), incorporated by 28 U.S.C. § 2461(c), to seek forfeiture of any other property of the defendant up to the value of the property described in paragraph 21 above.

All pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

A TRUE BILL

*Patricia Ann Fisher*
Foreperson of the Grand Jury


*[signature]*
Eugenia M. Carris
Assistant United States Attorney


DISTRICT OF MASSACHUSETTS:          March 23, 2010.


Returned into the District Court by the Grand Jurors and filed.

*Thomas [signature]*
Deputy Clerk  @ 2:13pm